MARY HANNEY, Respondent, v. JOHN WREN and Others, as Trustees of School District No. 5 of the Town of Ossining, Westchester County, Appellants.

*Negligence — injury to one driving on a highway from her horse shying at stones placed thereon — what period of time of their being there does not give constructive notice.*

The presence upon a highway, outside the traveled portion thereof, of field stone designed to be used in repairing a wall running through the yard of a district school abutting on the highway, will not render the trustees of the school district liable in their representative capacity to a person who, while driving along the highway at night, sustained personal injuries in consequence of her horse shying at the field stone, where it appears that the stones were deposited on the highway by the vendor thereof late on the afternoon of the day in question and that the trustees did not have actual knowledge of their presence.

APPEAL by the defendants, John Wren and others, as trustees of school district No. 5 of the town of Ossining, Westchester county, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 27th day of January, 1904, upon the verdict of a jury for $500, and also from an order bearing date the 19th day of January, 1904, and entered in said clerk's office, denying the defendants' motion for a new trial made upon the minutes.

*Smith Lent* [*John Gibney* with him on the brief], for the appellants.

*Pierre Reynolds,* for the respondent.

HIRSCHBERG, P. J. :

In this case the plaintiff has recovered a judgment against the defendants, as trustees of school district No. 5 of the town of Ossining in Westchester county, for personal injuries sustained by her on the night of August 11, 1903. She was then driving in the town on the Albany post road, and was thrown out of her wagon by the shying of her horse, which she attributes to the fact that some field stones were piled up on the highway on the edge of the schoolhouse line, and were left unlit and unguarded. The appeal presents several questions relating to the possible liability of the defendants in their corporate or representative capacity for the alleged negligence charged against them, but in the view which we take of the case these questions need not be determined, as we do

SECOND DEPARTMENT, MAY, 1905.                    [Vol. 105.

not deem the plaintiff's evidence to fairly preponderate in establishing against the defendants the negligence alleged as the cause of the accident.

The complaint alleges that at the time of the accident the defendants were engaged in making repairs to a wall running through the schoolhouse yard; that in the progress of the work they carelessly and negligently threw into the highway, nearly opposite the schoolhouse, a large number of stones, and piled them on the highway, causing an obstruction thereon, which they carelessly and negligently omitted to guard, protect or light; and that her horse was frightened by the heap of stones, became unmanageable and ran away, throwing her out and inflicting the injuries of which she complains.

The plaintiff testified that she had driven in the morning of August 11, 1903, past the place where the accident occurred, and that there were no stones there then. It appears that the defendants had employed one of their number to do the work of repairing the wall, and that he had purchased some stones to be used in the work, which were to be delivered by the vendor. They had not been delivered as late as four o'clock in the afternoon, and must have been piled by the vendor upon the highway at the edge of the schoolhouse fence sometime between that hour and the hour of the plaintiff's mishap. They were distant from the traveled part of the highway; the night was dark; the plaintiff testified that she could not see them; and the conclusion essential to her right of recovery that the horse could or did see them was necessarily left by the evidence as a wholly conjectural and inferential assumption. The accident was not caused by their presence as an obstruction upon the highway. In the absence of evidence tending to show that the defendants knew of their presence upon the highway as a fact, and in view of the undisputed proof that they were there during a space of time too short to charge the defendants with constructive knowledge, the defendants cannot be charged with negligence in their corporate capacity.

It follows that the judgment and order should be reversed.

BARTLETT, JENKS and HOOKER, JJ., concurred.

Judgment and order of the County Court of Westchester county reversed and new trial ordered, costs to abide the event.